This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                            **NO.   29,478**

**ANTHONY MORGAN,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appealed his convictions for trafficking, tampering, and resisting, evading, or obstructing an officer, challenging the sufficiency of the evidence. [DS

3] We issued a calendar notice proposing to summarily affirm.  Defendant filed a memorandum in response and a motion to amend the docketing statement with two new issues.   After due consideration, we deny the motion to amend and affirm.

**DISCUSSION**

**Sufficiency**

Defendant's memorandum in opposition indicates that he is withdrawing his challenge to the sufficiency of the evidence. [MIO 10]  When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the  proposed disposition of the issue.  *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988).  We therefore deem this issue abandoned.

**Motion to Amend**

Defendant also seeks to amend the docketing statement with two issues related to his speedy trial rights. [Id. 1-2]  A motion to amend the docketing statement may only be granted if it is timely, and if the issues are viable.  *See State v. Moore*, 109 N.M. 119, 128-30, 782 P.2d 91, 100-102 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant first raises a speedy trial claim, which he acknowledges was not raised below.  [Id. 4-9] An issue concerning a possible violation of the right to a

3

speedy trial must be raised in the trial court and a ruling invoked on the issue or it will not be considered on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶¶ 49-53, 126 N.M. 438, 971 P.2d 829. Based on the limited record available to us due to Defendant's failure to invoke a ruling below, we are not in a position to evaluate the four factors from *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318. Moreover, we are not persuaded that anything "in the record suggests such a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal" as fundamental error. *See Rojo*, 1999-NMSC-001, ¶ 53 (internal quotation marks and citation omitted). As Defendant's response indicates, [MIO 2-4, 6, 8] Defendant was not incarcerated the entire time because he was released on medical furlough, [RP 50-53, 55, 58-59] Defendant requested a continuance because of his medical issues, [RP 63] Defendant absconded and failed to appear at the pre-trial conference, [RP 82, 85] and Defendant requested continuances to prepare for trial upon his return to New Mexico and stipulated to the State's request for an extension based on that request. [RP 111, 118] In addition, the record contains no indication that Defendant ever

made a timely assertion of his right to a speedy trial or a motion to dismiss for speedy trial violations. We therefore reject this issue as not viable.

Defendant next seeks to add a claim of ineffective assistance of counsel based on the failure to raise the speedy trial claim. [MIO 9-10] "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)). There is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.*

Although Defendant claims that he would have prevailed on the speedy trial claim, [MIO 10] we do not agree based on the record before us. As discussed above, the record indicates that Defendant was released on medical furlough,

5

absconded while on release, and requested several continuances before and after he absconded. While Defendant claims that New Mexico failed to bring him back in a timely fashion after he waived extradition, [MIO 8] the circumstances of Defendant's extradition and return to New Mexico are not matters of record. Rather, the record merely indicates that a bench warrant was issued on June 21, 2007, and that Defendant was arrested and taken into custody on August 27, 2008. [RP 86-87] Defendant also cites to no authority for the proposition that his alleged waiver of extradition should be construed as an assertion of his right to a speedy trial. [MIO 8] Contrary to Defendant's claim that he asserted his speedy trial right, Defendant requested two continuances upon his return to New Mexico and stipulated to the State's request for an extension. [RP 111, 118] Thus, Defendant has not shown how he was prejudiced by any undue delay. *See State v. Urban*, 2004-NMSC-007, ¶ 18, 135 N.M. 279, 87 P.3d 1061 (addressing the "prejudice" factor of the *Barker* test and holding that "[a]lthough the State bears the ultimate burden of persuasion, Defendant does bear the burden of production on this issue, and his failure to do so greatly reduces the State's burden") (citing *Zurla v. State*, 109 N.M. 640, 646, 789 P.2d 588, 594 (1990)).

Trial counsel is not ineffective for failing to make a motion that is not supported by the record. *State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257

(Ct. App. 1995) Thus, we conclude that the ineffective assistance of counsel claim is not viable. Accordingly, we deny Defendant's motion to amend the docketing statement. Defendant must pursue this issue, if at all, in a habeas corpus proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case").

**CONCLUSION**

For these reasons, we deny Defendant's motion to amend the docketing statement and affirm.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**